IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02737-BNB

DONALD D. HOLLOWAY,

    Applicant,

v.

DEBORAH DENHAM, Warden,

    Respondent.

---

ORDER TO FILE AN AMENDED APPLICATION

---

    Applicant, Donald D. Holloway, is a prisoner in the custody of the Federal Bureau of Prisons at the Federal Correctional Institution in Englewood, Colorado. Applicant filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1, seeking removal of his presentence reports from his BOP files and to "return to court" for a "fair hearing" pursuant to the Sixth Amendment.

    The Court must construe the Application liberally because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Applicant will be ordered to file an Amended Application for the reasons stated below.

    The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity" and "[a] 28 U.S.C. § 2255 petition attacks the legality of detention." *Bradshaw*

*v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).  A habeas corpus petition pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255."  *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam).  Instead, "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255."  *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965); *see* 28 U.S.C. § 2255(e).

A challenge to a presentence report is an attack on the validity of Applicant's sentence and is not properly asserted in a § 2241 action.  If Applicant is claiming that the BOP is misinterpreting his presentence report, then he may challenge the misinterpretation in a § 2241 action.  It is not clear from Applicant's allegations that he is attacking the presentence report or the BOP's interpretation of the report.  Applicant, therefore, will be directed to amend the Application and state clearly the nature of his claims.  Applicant is further directed that if he is challenging the validity of the presentence report he must identify the criminal case in which the alleged improper presentence report was filed and state why it is improper.  If Applicant is challenging the execution of his sentence, he is directed to assert how the BOP is misinterpreting the report.  Accordingly, it is

ORDERED that **within thirty days from the date of this Order** Applicant file an Amended Application that complies with this Order.  It is

FURTHER ORDERED that Applicant shall obtain the Court-approved 28 U.S.C. § 2241 Application form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Applicant fails within the time allowed to file an Amended Application that clarifies the nature of his claims the action will be dismissed without further notice.

DATED November 13, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge