IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02737-GPG

DONALD D. HOLLOWAY,

    Applicant,

v.

DEBORAH DENHAM, Warden,

    Respondent.

## ORDER OF DISMISSAL

Applicant Donald D. Holloway is in the custody of the Federal Bureau of Prisons and currently is incarcerated at the Federal Correctional Institution in Englewood, Colorado. Applicant, acting *pro se*, initiated this action by filing a 28 U.S.C. § 2241. On November 13, 2014, Magistrate Judge Boyd N. Boland directed Applicant to file and state clearly the nature of his claims. Applicant filed an Amended Application on December 2, 2014.

Magistrate Judge Gordon P. Gallagher then reviewed the December 2 Amended Application and found as follows.

> First, it is clear that Applicant is challenging the validity of at least three criminal convictions in this § 2241 habeas corpus action. Applicant describes two of the cases that were addressed in his presentence report, but he does not provide the details of the 2010 conviction, other than to briefly refer to the conviction in the Request for Relief section of the Amended Application. Am. Application at 5.
>
> The Court has reviewed the Public Access to Court Electronic Records (PACER) and found at least three federal criminal cases that involve Applicant. *See United States v. Holloway*, No. 10-cr-00117-SMJ-1 (E.D. Wash. Apr. 26, 2011) (possession of child pornography); *United States v. Holloway*, No. 02-cr-00110-FVS-1 (E.D. Wash. Sept. 20, 2002)

(possession with intent to distribute marijuana); *United States v. Holloway*, No. 92-cr-00044-FVS-1 (E.D. Wash. Aug. 1, 1996) (manufacturing of marijuana). Based on Applicant's description of the 1981 and 1992 convictions, these cases are state criminal convictions. Am. Application at 7.

In Case No. 10-cr-00117-FVS-1, Applicant pled guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and was sentenced to 144 months of incarceration. Applicant has not filed an appeal or a 28 U.S.C. § 2255 motion in Case No. 10-cr-00117-FVS-1. In Case No. 02-cr-00110-FVS-1, Applicant pled guilty to one count of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) and was sentenced to ninety-six months of incarceration. Applicant filed a § 2255 motion in this case, which was denied. Finally, in Case No. 92-cr-00044-FVS-1, Applicant originally was sentenced to sixty months on July 21, 1992, for manufacturing marijuana. He filed a § 2255 motion, which was denied on October 22, 1993, and the denial was affirmed on appeal. Applicant filed a second § 2255 motion in this case, which was granted, and the matter was set for trial. Applicant then entered into a change of plea and was resentenced to twenty-four months on July 29, 1996.

To challenge a state criminal conviction, and to the extent Applicant is able to do so in the 1981 and 1992 State of Washington convictions, he must challenge these convictions in the proper jurisdiction, which is not the State of Colorado.

To the extent, Applicant challenges his 2010 federal conviction, the purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity" and "[a] 28 U.S.C. § 2255 petition attacks the legality of detention." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). A habeas corpus petition pursuant to § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). Instead, "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965); *see* 28 U.S.C. § 2255(e).

To challenge his 2010 federal criminal conviction, Applicant bears the burden of demonstrating that the remedy available pursuant to § 2255 is inadequate or ineffective. *See Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011). This burden is not easily satisfied because "[o]nly in rare

> instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed." *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (noting that the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances").

ECF No. 11 at 3-5.

Magistrate Judge Gallagher directed Applicant to show cause why the challenge to the federal 2010 conviction should not be denied because he has an adequate and effective remedy pursuant to § 2255 in the sentencing court. Applicant filed a Response on January 30, 2015.

The Court must construe the Application and Response liberally because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Applicant does not disagree in his Response with Magistrate Judge Gallagher's findings in the Order to Show Cause. He does, however, contend that pursuant to *Persaud v. United States*, 134 S. Ct. 1023 (2014), § 2241 relief is available to challenge unlawful sentences and unlawful convictions. ECF No. 12 at 1. The Supreme Court did not issue a substantive decision in *Persaud*. The Court granted certiorari, vacated a decision by the Fourth Circuit Court of Appeals, and remanded for further consideration in light of the Solicitor General's brief. *Persaud*, 134 S. Ct. at 1023. *Persuad*, therefore is of no assistance to Applicant.

In the remainder of the Response, Applicant describes the events that took place prior to his conviction and argues that the United States District Court of the Eastern District of Washington violated Rules 32 and 52(b) when it failed to attach the

sentencing proceedings for state convictions Nos. 81-1-00455-6 and 92-1-00022-7. Finally, Applicant contends in the Response that both the United States Attorney and the federal judge that presided over his federal criminal trial in the Western District of Washington are biased towards him and would preclude him from receiving a fair review of his claims. *Id.*

"A federal prisoner may file a § 2241 application to challenge the legality of his conviction under the limited circumstances provided in the so-called savings clause of § 2255. Pursuant to this savings clause, a § 2241 [application] may be appropriate if the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of [an applicant's] detention." *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (citing 28 U.S.C. § 2255(e); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)). The narrow reading of the savings clause is well established in the Tenth Circuit. *See Prost v. Anderson*, 636 F.3d 578, 588 (10th Cir. 2011). Rarely is a remedy inadequate or ineffective to challenge a conviction in a § 2255 motion. *Brace*, at 1169 (citing *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010) (erroneous decision on a § 2255 does not necessarily render the § 2255 remedy inadequate or ineffective)); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (The remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances.") .

The remedy available pursuant to § 2255 may be inadequate or ineffective if the sentencing court has been abolished, refuses to consider the § 2255 motion, inordinately delays consideration of the § 2255 motion, or is unable to grant complete relief. *See Caravalho*, 177 F.3d at 1178. Applicant does not assert any of these circumstances.

Another circumstance where the remedy in a § 2255 motion may be inadequate and ineffective is where the gate-keeping language of § 2255 bars retroactive application of a Supreme Court case that does not state a new rule of constitutional law but demonstrates an applicant is actually innocent. *United States v. Apodaca*, 90 F. App'x 300, 303 n.8 (10th Cir. Jan. 30, 2004) (unpublished) (citing *Reyes-Requena v. United States*, 243 F.3d 893, 902 n.20 (5th Cir. 2001) (incorporating in the savings clause a test for actual innocence that would allow a habeas corpus application pursuant to § 2241 to proceed)). The Tenth Circuit, however, has now explicitly declined to adopt the *Reyes-Requena* test. *See Prost*, 636 F.3d at 593-94. The Tenth Circuit disregarded the "actually innocent" provision, as a novel question that creates "a test Congress never authorized," *Id.* at 596 (Tenth Circuit declines to incorporate actual innocence under a new statutory interpretation to invoke the savings clause).

Furthermore, the erroneous circuit foreclosure test, *see In re Davenport*, 147 F.3d 605, 610 (7th Cir. 1998) (based on the fundamental legality of a sentence, the Seventh Circuit found § 2241 an appropriate avenue for relief when a defendant is unable to obtain relief on a basis not yet established by law in a first motion and unable to do so in a successive motion when relief is neither newly discovered evidence nor a new rule of constitutional law), is rejected by the Tenth Circuit as a way to invoke the savings clause and proceed to § 2241. *Prost*, 636 F.3d at 593-94. The Tenth Circuit found that the foreclosure test disregards § 2255(h) in allowing an applicant to proceed through the § 2255(e) savings clause in disregard of Congress's concern for finality when a conviction has been tested through trial, appeal, and one round of collateral review, *id.* at 591.

Applicant bears the burden of demonstrating that the remedy in § 2255 is inadequate or ineffective. *Id.* at 584. "[A] prisoner can proceed to § 2241 only if his initial § 2255 motion was *itself* inadequate or ineffective to the task of providing the [applicant] with a *chance* to *test* his sentence or conviction." *Id.* at 587. A sentencing court's denial of an applicant's § 2255 motion on the merits, does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective. *See Carter v. Attorney General*, 782 F.2d 138, 141 (10th Cir. 1986) ("[c]ollateral attacks upon criminal convictions, no matter how they are characterized by a litigant, are properly governed by the same considerations which underlie habeas corpus proceedings."). Furthermore, "[f]ailure to obtain *relief* under § 2255 does not establish that the *remedy* so provided is either inadequate or ineffective." *See Bradshaw*, 86 F.3d at 166 (quoting *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963)).

That Applicant now is time-barred from raising his claims in a § 2255 motion, by itself, does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective. *See Bradshaw*, 86 F.3d at 166 (quoting *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) ("Failure to obtain *relief* under § 2255 does not establish that the *remedy* so provided is either inadequate or ineffective.")). Also, that Applicant has not filed a § 2255 in the criminal case at issue and that the federal judge or federal prosecutor are biased towards him are not examples of the extremely limited circumstances that support a finding of inadequate or ineffective remedies in a sentencing court. *Caravalho*, 177 F.3d at 1178.

Because none of Applicant's claims demonstrate that any remedy available to him in the sentencing court, pursuant to 28 U.S.C. § 2255, is inadequate or ineffective,

the Application will be dismissed for lack of statutory jurisdiction.  *See Abernathy v. Wandes*, 713 F.3d 538, 557 (10th Cir. 2013).

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because Applicant fails to assert that his remedy in the United States District Court for the Eastern District of Washington is ineffective and inadequate.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  9th  day of    March   , 2015.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court